UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MICHAEL HARRISON,

                                    Petitioner,

vs.

                                                                                                                              9:20-CV-705
                                                                                                                                (MAD/ATB)

JAMES THOMPSON,

                                    Respondent.

_____

**APPEARANCES:**                                             **OF COUNSEL:**

**MICHAEL HARRISON**
18-A-0274
Collins Correctional Facility
P.O. Box 340
Collins, New York 14034
Petitioner *pro se*

**OFFICE OF THE NEW YORK**                      **PRISCILLA I. STEWARD, AAG**
**STATE ATTORNEY GENERAL**
28 Liberty Street
New York, New York 10005
Attorneys for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Petitioner Michael Harrison is currently incarcerated at Collins Correctional Facility and seeks a writ of habeas corpus seeking to vacate his conviction of Identity Theft in the First Degree, pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 1 at 1. Petitioner asserts five grounds for habeas relief. *See id.* at 6–11. In a Report-Recommendation, Magistrate Judge Baxter

1

recommended denial and dismissal of the petition in its entirety. *See* Dkt. No. 15 at 29. Petitioner has not objected to the Report-Recommendation.

Petitioner raises the following claims: (1) his state and federal rights to a speedy trial were violated; (2) his *Miranda* rights were violated; (3) he received ineffective assistance of counsel; (4) his guilty plea was not knowing and voluntary because he (i) was under the influence of marijuana at the plea allocution and (ii) his attorney coerced him into pleading guilty; and (5) his waiver of his appellate rights was invalid. *See id*. at 2. For the reasons that follow, the petition is denied and dismissed.

## II. BACKGROUND

On December 20, 2016, petitioner was charged in an indictment alleging six counts of Identity Theft in the First Degree, six counts of Criminal Possession of a Forged Instrument in the Second Degree, and two counts of Grand Larceny in the Fourth Degree. *See* Dkt. No. 5 at 3. Prior to arraignment, Petitioner's defense counsel stated that he had experienced "a breakdown in the attorney/client relationship" with Petitioner to the extent that he was asked to cease appearing in court on Petitioner's behalf. *See id*. The court appointed the public defender's office to represent Petitioner and Petitioner entered a plea of not guilty. *See id*. Prior to the trial, Petitioner's motion to dismiss certain counts of indictment under the speedy trial provisions of C.P.L. § 30.30 was denied. *See id*. at 4. Later, at a subsequent court conference, the government withdrew a previously offered plea bargain and stated that no further offers would be offered in this case. *See id*. At this conference, Petitioner asked if he could retain "better .... counsel" to which the court advised him of his right to hire his own attorney. *See id*.

Petitioner, through his counsel, accepted a plea proposal before the trial commenced. *See id*. at 5. According to the plea agreement, Petitioner would plead guilty to Count One (Identity

Theft in the First Degree) and Count Eight (Identity Theft in the First Degree) in full satisfaction of the fourteen-count indictment and, additionally, to any uncharged crimes. *See id.* Pursuant to the plea agreement, Petitioner would be sentenced to two-and-a-half to five years of imprisonment on each count, to run consecutively for a total of five-to-ten years. *See id.* Subsequent to Petitioner's plea agreement and prior to sentencing, he wrote to the court stating that he sought out new counsel and wished to vacate his guilty plea. *See id.* at 6. On December 15, 2017, Carmelo Laquidara was assigned as Petitioner's attorney. *See id.* Petitioner's arguments to withdraw his plea were based on allegations that he did not have enough time to thoroughly investigate the charges against him in order to enter a knowing, intelligent, and voluntary plea; his former attorney coerced him into accepting the plea deal despite the fact that not enough time had passed for the attorney to evaluate the merits, proof and defenses; and he was under the influence of marijuana at the time he entered the guilty plea. *See id.*

Petitioner's motion to withdraw his plea was denied. *See id.* The court found that after the Petitioner's most recent arrest, his attorney met with him on two separate occasions. *See id.* at 7. Further, during the plea allocation, Petitioner was asked a "series of questions to make sure that his plea was knowing, intelligent, and voluntary." *See id.* The "court was satisfied that the [Petitioner's] waiver of his trial and appellate rights was voluntarily made." *See id.* Petitioner was adjudicated a second felony offender and sentenced to a prison term of two-and-a-half to five years on each count of Identity Theft in the First Degree, to be served consecutively for a total of five to ten years imprisonment. *See id.*

With the assistance of counsel, Petitioner filed an appeal with the Appellate Division, Third Department on the grounds that (1) the "purported" appellate waiver was invalid; (2) the trial court erred in denying his speedy trial motion; (3) his guilty plea was not knowing and

voluntary; and (4) trial counsel was ineffective for coercing him into pleading guilty. *See id.* That appeal was denied in all aspects. *See id.* at 8. The court found that Petitioner's plea colloquy demonstrated that "he had knowingly, voluntarily, and intelligently waived his right to appeal." *See id.* at 7. Further, the court found that Petitioner's argument that his "statutory rights to a speedy trial" were violated was "precluded by his valid appeal waiver[.]" *See id.* at 8. The court found that Petitioner's claim that he was provided with ineffective counsel involved matters outside the record and should be raised in a C.P.L. article 440 motion. *See id.* The Court of Appeals denied Petitioner's application for leave to appeal. *See id.*

### III. DISCUSSION

**A.    Standard of Review**

   *1. AEDPA*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") allows a federal court to grant habeas relief to a state prisoner only if a state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 409-10 (2000). A decision "involves an unreasonable application" of federal law where it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams*, 529 U.S. at 407-08. A petitioner must therefore demonstrate that the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). This is a "'highly deferential standard,'" requiring that state

4

courts "'be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quotations omitted). However, "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Harrington*, 562 U.S. at 102.

Where a state court denies a claim on the merits without explaining its reasons, a petitioner still bears the burden to show "there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98. In those cases, "a habeas court must determine what arguments or theories ... could have supported[ ] the state court's decision," and then accord deference if "it is possible [that] fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* at 102; *see also Shinn v. Kayer*, 592 US. ___, 141 S. Ct. 517, 524 (2020) ("[W]e must determine what arguments or theories ... could have supported the state court's determination.... Then, we must assess whether fairminded jurists could disagree on the correctness of the state court's decision if based on one of those arguments or theories") (internal quotation marks omitted).

### *2. Review of a Report and Recommendation*

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when the litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash,* 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point") (citation omitted). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 958 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

### *3. Exhaustion*

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2554(b)(1)(A), (B)(i), (ii). To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion

6

requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

If a petitioner has not exhausted his state-court remedies, but no longer has remedies available in state court with regard to these claims, they are "deemed" exhausted, but are also procedurally defaulted. *See Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994) (citations omitted). A state prisoner who has procedurally defaulted on a federal claim in a state court is entitled to federal habeas review of that claim only if he can show both cause for the default and actual prejudice resulting from the alleged violation of federal law, or that failure of the federal court to consider the claim will result in a miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 748–50 (1991). A miscarriage of justice occurs if the constitutional violation has "probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

### *a. Speedy Trial*

Petitioner alleges that he "was not indicted in a timely manner" consistent with his federal and state constitutional rights. *See* Dkt. No. 15 at 18. He argues that the charges against him "stem from April 2016," and that he was not indicted until December 2016. *See id.* As properly noted in Magistrate Judge Baxter's Report-Recommendation, Petitioner faces a procedural bar that prevents this Court from granting the petition on this ground. *See id.* at 19. In Petitioner's

7

direct appeal to the Third Department, he included New York State precedent, and, in denying Petitioner's appeal, the Third Department described Petitioner's claim as a "deprivation of his statutory rights to a speedy trial." *People v. Harrison*, 176 A.D.3d 1262, 1264 (3d Dep't 2019). Petitioner failed to raise any deprivation of speedy trial violations of a federal nature in his appeal. *See* Dkt. No. 15 at 19. Due to the fact that Petitioner already perfected his state court appeal, he cannot present this claim in a Section 440.10 motion as it is record based and should have been raised on direct appeal. *See id.* Since the Petitioner's claim is barred by procedural default, this Court cannot consider the merits of Petitioner's federal speedy trial claims unless he can show cause and prejudice, or if he can establish that failure to consider the claim would result in a fundamental miscarriage of justice. *See id.* at 19–20. As Magistrate Judge Baxter correctly stated, Petitioner has failed to make a showing of cause and prejudice and he has not provided any "credible and compelling claims of actual innocence," necessary to excuse his procedural default. *See id.*; *see also Hyman v. Brown*, 927 F.3d 639, 656 (2d Cir. 2019) (citation omitted). Accordingly, the Court finds that Petitioner's federal speedy trial claim is barred from habeas review due to his unexcused procedural default.

### b. Miranda Rights Violation

Petitioner also claims that he "had not been read [his] *Miranda* rights." *See* Dkt. No. 15 at 20. Magistrate Judge Baxter correctly concluded that Petitioner did not assert this claim in his direct appeal to the Third Department. *See id.* For that reason, it is procedurally defaulted, and Petitioner has not provided any basis to excuse his default, including actual prejudice or evidence of innocence. *See id.* Accordingly, Petitioner's claim for a *Miranda* rights violation is dismissed on procedural grounds.

### c. Ineffective Assistance of Counsel

Petitioner argues that he received ineffective assistance of counsel at numerous times during the proceedings, including, *inter alia*, Mr. Rockmacher's withdrawal from Petitioner's case, admitting he was not competent enough to handle the case. Magistrate Judge Baxter correctly concluded that this claim is procedurally barred from habeas corpus review. *See* Dkt. No. 15 at 24. Petitioner did not raise this record-based claim in his direct appeal to the Third Department and it is being alleged for the first time in his petition for habeas corpus review. *See id.* For that reason, Petitioner has failed to exhaust all of his state remedies with respect to this claim but has no state court forum to now raise it, so this claim is deemed exhausted but procedurally defaulted. *See id.* Magistrate Judge Baxter has correctly concluded that Petitioner has failed to provide any basis to excuse his default. *See id.* Petitioner has not alleged any prejudice, nor has he provided evidence to suggest that he is factually innocent. *See id.* For the foregoing reasons, Petitioner's claim of ineffective assistance of counsel with regard to Mr. Rockmacher is dismissed on procedural grounds.

### 4. Merits

#### a. Ineffective Assistance of Counsel

In addition to Petitioner's allegation that he received ineffective assistance of counsel from Mr. Rockmacher, Petitioner argues that he received ineffective assistance of counsel at other times during the proceedings, including when (1) Petitioner's trial attorney failed to raise the defense that he did not knowingly or intentionally commit the crime of Identity Theft in the First Degree; and (2) when defense counsel Mr. Sofia "coerced" him into pleading guilty. *See* Dkt. No. 5 at 21.

##### i. Failure to Raise Defense

Petitioner did not raise this claim on direct appeal to the Third Department, nor is there any evidence in the record to suggest that he filed a Section 440.10 motion to raise this outside-the-record allegation of ineffective assistance of counsel. *See* Dkt. No. 15 at 25. For that reason, Petitioner's claim is unexhausted and not barred by procedural default. *See id.* Despite being unexhausted, this Court dismisses this claim under 28 U.S.C. § 2254(b)(2) as being meritless. Petitioner's allegation of ineffective assistance of counsel on the basis that his trial attorney failed to raise the defense that he did not "knowingly or intentionally commit the crime of Identity Theft in the First Degree" is considered waived because it is associated with events that occurred prior to the entry of his guilty plea and bears no relation to Petitioner's separate claim that his plea was involuntary. *See id.* at 25-26. As Magistrate Judge Baxter correctly concluded, Petitioner's guilty plea was valid and "[a] defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea." *See id.* at 26; *see also United States v. Coffin*, 76 F.3d 494, 497 (2d Cir. 1996). For the foregoing reasons, the petition is denied on this ground.

### ii. Attorney Sofia's Alleged Coercion into Guilty Plea

Petitioner alleges that he received ineffective assistance of counsel when attorney Vincenzio Sofia coerced him into accepting the plea agreement offered by the government. *See* Dkt. No. 15 at 26. Petitioner presented this argument in his state court appeal and the Third Department declined to address the merits as the issue was more appropriately the subject of a Section 440.10 motion. *See id.* There is nothing in the record to suggest that Petitioner has filed a Section 440.10 motion, so for that reason, his claim is unexhausted but not barred by procedural default. *See id.* Despite being unexhausted, this Court dismisses this claim under 28 U.S.C. § 2254(b)(2) as being meritless.

To demonstrate constitutionally ineffective assistance of counsel, the petitioner must show that counsel's performance fell below an objective standard of professional reasonableness, and but for counsel's alleged errors, the result of the proceedings would have been different. *Premo v. Moore*, 562 U.S. 115, 121-22 (2011); *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The standard "must be applied with scrupulous care" in habeas proceedings, because such a claim "can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial [or in pretrial] proceedings[.]" *Premo*, 562 U.S. at 122. "*Strickland* does not guarantee perfect representation, only a reasonably competent attorney." *Harrington v. Richter*, 562 U.S. 86, 110 (2011) (quoting *Strickland*, 466 U.S. at 687) (internal quotation marks and further citation omitted). A petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance … [and] that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). Even if the petitioner can establish that counsel was deficient, he still must show that he suffered prejudice. *Id.* at 693-94. "In assessing [counsel's] performance, [the court] must apply a heavy measure of deference to counsel's judgments." *Greiner v. Wells*, 417 F.3d 305, 319 (2d Cir. 2005) (internal quotation marks and citations omitted). "Constitutionally effective counsel embraces a 'wide range of professionally competent assistance' and 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Id.* (quoting *Strickland*, 466 U.S. at 690).

A petitioner who has pled guilty "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356,

11

372 (2010) (citation omitted). "This inquiry requires a fact-specific analysis that evaluates the weight of the evidence, the consequences of various legal options, and any circumstances that may affect a decision to plea[d]." *Matos v. United States*, 907 F. Supp. 2d 378, 382 (S.D.N.Y. 2012) (citations omitted); *accord Cocheekaran v. Heath*, No. 12 Civ. 4140, 2013 WL 1846738, *7 (S.D.N.Y. May 2, 2013). "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' ... and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal citation and quotation omitted). A petitioner "must do more than show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance ... Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 698-99 (2002).

Magistrate Judge Baxter correctly concluded that Petitioner has not satisfied either prong under the *Strickland* test. *See* Dkt. No. 15 at 28. First, this Court does not find it objectively unreasonable that Petitioner's attorney advised him to plead guilty to two of the ten counts in the indictment for considerably less time than Petitioner may have faced. Second, Petitioner has failed to produce any indication that he has suffered any prejudice resulting from attorney Sofia's advice. There is nothing in the record to suggest that Petitioner would have been acquitted had he continued to trial, and as stated previously, he received a more favorable sentence than he originally faced. Moreover, days before the plea, Petitioner was arrested on new criminal charges and his guilty plea resulted in the non-prosecution of these new crimes. For the foregoing reasons, the Court finds that Magistrate Judge Baxter correctly determined that the petition must be denied as to this claim.

### b. Guilty Plea

Petitioner's final argument is that his guilty plea was not knowing, voluntary, or intelligent because he was under the influence of marijuana at the time of the plea colloquy. *See* Dkt. No. 15 at 13. Further, Petitioner argues that his appellate waiver was invalid. *See id.* Magistrate Judge Baxter correctly found that Petitioner has failed to produce any proof that he was under the influence of drugs during the time of his plea, or that he would have rejected the plea agreement and proceeded to trial had he not been under the influence of marijuana. *See id.* at 17. Magistrate Judge Baxter reviewed Petitioner's sworn testimony and found that he stated in court, under oath, that he was pleading guilty of his own free will, in the absence of any coercion or "other promises or representations" made in order to force Petitioner to plead guilty. *See id.* Magistrate Judge Baxter found that the trial court conducted an extensive colloquy before accepting Petitioner's guilty plea. Further, Magistrate Judge Baxter correctly concluded that Petitioner's argument that his appellate waiver was invalid is not supported by the record. *See id.* During the extensive plea colloquy, Judge Lynch specifically disclosed that the agreement required a waiver of his right to appeal. *See id.* Additionally, Petitioner was given a written appellate waiver that he signed with the assistance of counsel. *See id.* For the foregoing reasons, Petitioner's argument that his guilty plea was not knowing, voluntary or intelligent, or that his appellate waiver is invalid is dismissed.

**B.     Certificate of Appealability**

28 U.S.C. § 2253(c)(1) provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from – (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]"[1] 28 U.S.C. § 2553(c)(1). A court may only issue a Certificate of Appealability "if

---

[1] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed in such actions "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1).

the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(2).

Since Petitioner has failed to make such a showing with regard to any of his claims, the Court declines to issue a Certificate of Appealability in this matter. *See Hohn v. United States*, 524 U.S. 236, 239-40 (1998) (quotation omitted).

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Baxter's February 25, 2021 Report-Recommendation (Dkt. No. 15) is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that the petition for writ of habeas corpus (Dkt. No. 1) is **DENIED and DISMISSED;** and the Court further

**ORDERS** that no Certificate of Appealability shall be issue with respect to any of Petitioner's claims; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: April 23, 2021
      Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge